**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHINEDU M. EKUKINAM, | COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:21-cv-03994 |
| GREETING TEAM, LLC d/b/a CUSTOMER CARE GLOBAL, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## **COMPLAINT**

NOW comes CHINEDU M. EKUKINAM ("Plaintiff"), by and through the undersigned attorneys, complaining as to the conduct of GREETING TEAM, LLC d/b/a CUSTOMER CARE GLOBAL ("Defendant") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 47 U.S.C § 227, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**PARTIES**

4.  Plaintiff is a consumer over 18 years of age and resides in Kansas City, Missouri.

5.  Plaintiff is a "person," as defined by 47 U.S.C. § 153(39).

6.  Defendant is a debt collector claiming to be "committed to Putting Customers First."[1] Defendant prides itself on its "new model allowing Consumers to choose their preferred method of communication."[2] Defendant is a limited liability company organized under the laws of the State of Missouri and has its principal place of business at 2500 West Higgins Road, Suite 950, Hoffman Estates, IL 60169. Defendant regularly engages in collection activities through its Hoffman Estates location.

7.  Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9.  The instant action arises out of Defendant's attempts to collect upon a debt ("subject debt") Plaintiff allegedly owed in connection with a personal loan Plaintiff had from eMoneyUSA.

10.  Upon information and belief, after Plaintiff's purported default on the subject debt, eMoneyUSA sold the subject debt to Debt Management Partners which then turned over the debt to Defendant for collection purposes.

11.  Around early July 2021, Plaintiff's cousin, who resides in Minnesota and is not associated with the subject debt, received a text message to his cellular phone (785) XXX-0258, from Defendant in connection with Defendant's attempts to collect upon the subject debt.

---

[1] https://www.customercareglobal.com/about/
[2] Ibid.

12. Defendant sent the above text from the number (618) 278-8678. Upon information and belief, Defendant regularly utilizes this number during its debt collection activity.

13. The text message included a link to a website which included correspondence designed to be received by Plaintiff.

14. Due to the nature of the text message, Plaintiff's cousin could have ascertained that Defendant was a debt collector attempting to collect upon a debt.

15. Plaintiff's cousin notified Plaintiff and forwarded the text to Plaintiff.

16. Plaintiff became confused and distressed that information regarding his personal and sensitive financial situation was sent to a third party,

17. Plaintiff did not give his cousin's cell number to Defendant nor did Plaintiff give Defendant permission to contact any third party regarding the subject debt.

18. Plaintiff himself did not receive any communication from Defendant regarding the subject debt.

19. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights, resulting in expenses.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection communication to third parties, and numerous violations of his federally protected interests to be free from harassing and deceptive collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

26. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a.  **Violations of FDCPA §§ 1692b & c(b)**

27. The FDCPA, pursuant to 15 U.S.C. § 1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer." Further, under § 1692b(2), a debt collector shall "not state that such consumer owes any debt" when communicating with third parties. Additionally, under § 1692c(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

28. Defendant violated §§ 1692b, b(2), and c(b) by contacting Plaintiff's cousin about Plaintiff's debt. Defendant knew and should have known that the cousin's number did not belong to Plaintiff. At the very least Defendant could simply call the number to confirm. Defendant did not do so, and instead sent a text to disclose, within a few clicks, Plaintiff's highly personal and private information.

29. The recipient of the text could have easily found out the needed information to key in on the link and then to access Plaintiff's debt file. Defendant knew and should have known that sending such a communication to a third party is in reckless disregard for Plaintiff's FDCPA rights.

### b. Violations of FDCPA § 1692d

30. The FDCPA, pursuant to 15 U.S.C. § 1692d further prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

31. Defendant violated § 1692d when it sent the text message to a third party regarding Plaintiff's debt information. Careless disclosure of a consumer's private information to third parties in connection with debt collection carries with it the natural consequence of harassment and abuse and is a violation of FDCPA.

### c. Violations of FDCPA § 1692e

32. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

34. Defendant violated § 1692e and e(10) when it contacted Plaintiff's cousin with Plaintiff's debt information which contact constituted deceptive and misleading means of pressuring Plaintiff into getting in touch and making payments on the debt. Defendant indicated to Plaintiff by such contact that it could repeat the same course and thus disclose private information to third parties unless Plaintiff complies.

### d. Violations of FDCPA § 1692f

5

35.  The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36.  Defendant violated § 1692f when it unfairly and unconscionably contacted Plaintiff's cousin about the subject debt while Defendant could have easily ascertained the identity of the text recipient before sending the text. The tactic employed by Defendant only served to pressure, worry, and coerce Plaintiff. Defendant also breached its duty under the FDCPA in regards to consumer's private information.

37.  As pled in paragraphs 19 through 21, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff CHINEDU M. EKUKINAM respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

    d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

    e.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 28, 2021                  Respectfully Submitted,

s/ Nathan C. Volheim              s/ Eric D. Coleman
Nathan C. Volheim, Esq. #6302103     Eric D. Coleman, Esq. # 6326734
*Counsel for Plaintiff*              *Counsel for Plaintiff*
Admitted in the Northern District of Illinois    Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.           Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200     2500 South Highland Ave., Suite 200
Lombard, Illinois 60148            Lombard, Illinois 60148
(630) 568-3056 (phone)           (331) 307-7648 (phone)

(630) 575-8188 (fax)                         (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com              ecoleman@sulaimanlaw.com


s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq. #6323891
*Counsel for Plaintiff*
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 575-8181 ext. 120 (phone)
(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com